| | |
|---|---|
| **WO** | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Arthur L. Vitasek, ) No. CV 10-1777-PHX-RCB (JRI)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Maricopa County Sheriff's Office, et al., )
)
    Defendants. )
)

Plaintiff Arthur L. Vitasek, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will order Defendants Gilbert and Lopez to answer the Complaint and will dismiss Defendant Maricopa County Sheriff's Office without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.67. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

1 **III. Complaint**

In his two-count Complaint, Plaintiff sues Defendants Maricopa County Sheriff's Office, Detention Officer R. Gilbert, and Transportation Officer Deana Lopez.

In Count One, Plaintiff alleges a violation of his First Amendment right of free speech and the Fourth Amendment prohibition against unreasonable searches and seizures. He alleges that Defendant Gilbert delivered to Plaintiff two pieces of mail that were clearly marked as "legal mail" and were from individuals on Plaintiff's court-approved witness list. Plaintiff contends that Defendant Gilbert opened one letter, read it, told Plaintiff that it was not legal mail, responded that he could do whatever he wanted when Plaintiff informed him that he was not supposed to read legal mail, and left without giving Plaintiff either piece of mail. Plaintiff claims that Defendant Gilbert returned later and stated that he had read both letters and was going to read all of Plaintiff's mail in the future. Plaintiff asserts that Defendant Gilbert had no reason to read the mail other than to harass Plaintiff and that Plaintiff was unable to communicate privately with his witnesses for several months, until the trial court judge issued an order regarding Plaintiff's mail.

In Count Two, Plaintiff alleges a violation of his Fourteenth Amendment right of access to the courts. Plaintiff asserts that he was being escorted by a detention officer in order to be transported to court for a hearing. He claims that he was talking to the detention officer about being transported to court at 5:00 a.m. for a 1:00 p.m. hearing when Defendant Lopez came up, told Plaintiff to shut up, searched Plaintiff, and then asked the detention officer for a pair of handcuffs. Plaintiff claims that, when Plaintiff informed her that he could not carry his box of legal materials while handcuffed, Defendant Lopez responded that this was Plaintiff's problem and that he could figure it out. Defendant Lopez refused Plaintiff's request for a sergeant and said that she "would come back later, if I decide to come back at all." She did not return, and Plaintiff was not transported to his hearing. Plaintiff contends that Defendant Lopez claimed that Plaintiff refused to be transported, but, after Plaintiff filed a grievance and a motion with the trial court, Defendant Lopez claimed that

Plaintiff was being disruptive. Plaintiff alleges that the trial court judge issued an order requiring Plaintiff to be transported in the future.

Plaintiff contends that both issues have caused him or will cause him to obtain continuances in his criminal case and that this will require him to remain in jail for a longer period of time. In his Request for Relief, Plaintiff seeks monetary damages.

**IV.    Improper Defendant**

The Maricopa County Sheriff's Department is not a proper defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's Department will be dismissed from this action.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a First Amendment claim in Count One against Defendant Gilbert and an access-to-the-courts claim in Count Two against Defendant Lopez. The Court will require Defendants Gilbert and Lopez to answer the Complaint.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

1     **C.     Copies**

2     Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
3 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
4 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
5 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
6 may result in the filing being stricken without further notice to Plaintiff.

7     **D.     Possible Dismissal**

8     If Plaintiff fails to timely comply with every provision of this Order, including these
9 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
10 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
11 comply with any order of the Court).

12 **IT IS ORDERED:**

13     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

14     (2)     As required by the accompanying Order to the appropriate government agency,
15 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.67.

16     (3)     Defendant Maricopa County Sheriff's Office is **dismissed** without prejudice.

17     (4)     Defendant Gilbert must answer Count One of the Complaint and Defendant
18 Lopez must answer Count Two of the Complaint.

19     (5)     The Clerk of Court must send Plaintiff a service packet including the
20 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for
21 Defendants Gilbert and Lopez.

22     (6)     Plaintiff must complete and return the service packet to the Clerk of Court
23 within 21 days of the date of filing of this Order. The United States Marshal will not provide
24 service of process if Plaintiff fails to comply with this Order.

25     (7)     If Plaintiff does not either obtain a waiver of service of the summons or
26 complete service of the Summons and Complaint on a Defendant within 120 days of the
27 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

28

1 | action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

2 |     (8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

    (10)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

    (11)    Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 31st day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge